```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JTRE MANHATTAN AVENUE LLC and JTRE   :
807 MANHATTAN AVENUE LLC,            :
                                     :
                        Plaintiffs,  :
              -against-              :
                                     :
CAPITAL ONE, N.A.,                   :
                                     :
                        Defendant.   :
------------------------------------------------------------- X
```

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 7/22/22 |

21-CV-5714 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiffs JTRE Manhattan Avenue LLC and JTRE 807 Manhattan Avenue LLC sued Defendant Capital One, N.A. for breach of contract and negligent misrepresentation for failing to disclose to Plaintiffs preexisting landlord defaults prior to Plaintiffs' purchase of the building located at 807 Manhattan Avenue, Brooklyn, New York, and for failing to pay rent. This Court previously granted in part and denied in part Defendant's motion to dismiss the Second Amended Complaint ("SAC"), allowing Plaintiffs to proceed only with their breach of contract claim. *See JTRE Manhattan Ave. LLC et al. v. Cap. One, N.A.*, No. 21-CV-5714, 2022 WL 392914, at *7 (S.D.N.Y. Feb. 9, 2022). Plaintiffs now move: (1) for leave to file a Third Amended Complaint ("TAC"), and (2) to "correct" their responses to certain requests for admission ("RFA"). *See* Not. of Mot. TAC, Dkt. 57; Not. of Mot. RFA, Dkt. 61. Defendant opposes both motions. *See* Def. Opp. TAC, Dkt. 64; Def. Opp. RFA, Dkt. 68. For the reasons that follow, Plaintiffs' motions for leave to file a Third Amended Complaint and to "correct" their responses to Defendant's RFA are DENIED.

1

## BACKGROUND

The Court assumes familiarity with the facts of the case and its procedural history, *see JTRE Manhattan Ave. LLC*, 2022 WL 392914, at *1–2, and will summarize only the facts most pertinent to these motions. On June 3, 2021, Plaintiffs commenced an action against Defendant in state court for breach of a lease for premises located at 807 Manhattan Avenue ("Lease"), and Defendant removed the case to this court. Pls. TAC Mem. of Law, Dkt. 58 at 5. On July 13, 2021, Plaintiffs filed their first amended complaint. Am. Compl., Dkt. 12. In response to Defendant's first motion to dismiss, *see* Not. of Mot., Dkt. 23, Plaintiffs filed a SAC, which alleges two causes of action: (1) breach of contract and (2) negligent misrepresentation*, see* SAC, Dkt. 26.

On September 23, 2021, Defendant moved to dismiss the SAC in its entirety. Not. of Mot. SAC, Dkt. 30. On October 21, 2021, the Court granted the parties' request to stay discovery pending the outcome of Defendant's motion. Disc. Stay, Dkt. 41. The Court then granted Defendant's motion in part, and dismissed Plaintiffs' negligent misrepresentation claim. *See JTRE Manhattan Ave. LLC*, 2022 WL 392914, at *7. The Court also lifted the stay on discovery. *Id.* at 7. On February 11, 2022, the Court granted Plaintiffs' request for an adjournment of the discovery deadline and the deadline for Defendant to file an answer due to Plaintiffs' anticipated retention of new counsel. *See, e.g.*, Adj. Req., Dkt. 44; Grant. Adj. Req., Dkt. 45.

Plaintiffs changed counsel and, on April 21, 2022, sought leave to file a third amended complaint.[1] *See* Pls. TAC Mem of Law. In the proposed TAC, Plaintiffs seek to divide their single breach of contract claim into three claims: (1) breach of contract by failing to pay rent

---

[1] Plaintiffs' counsel has since moved to be relieved as Plaintiffs' counsel and has been relieved. *See* Order, Dkt. 90.

from July 1, 2020 to January 15, 2021; (2) breach of contract by failing to surrender the leased premises restored as required by the Lease; and (3) breach of contract by terminating the Lease prior to its expiration date. *Id.* at 2. The proposed TAC adds three other additional counts, two of which seek declarations from the Court as to the legal effect of correspondence between the parties when Defendant sought to terminate the Lease. *Id.* Plaintiffs assert that these additional claims are "subsumed within the existing breach of contract claim in the SAC as they speak directly to Defendant's defenses and the underlying basis for relief sought by Plaintiffs in their complaint." *Id.* at 3.

Plaintiffs separately moved for leave to "correct" their responses to Defendant's Requests for Admission Nos. 12 and 32. *See* Not. of Mot. RFA, Dkt. 61; Pls. Mem. of Law RFA, Dkt. 63 at 1. Plaintiffs admitted Request No. 12, which states: "Admit that Capital One timely delivered the Early Termination Notice on or before the Notice Date," and Request No. 32, which states: "Admit that, not less than twelve months prior to the Early Termination Date, Capital One delivered to you written notice of its election to terminate the Lease effective as of the expiration of the sixth lease year or the Lease Term." Pls. Mem. of Law RFA at 1. Defendant opposes both motions. *See generally* Def. Opp. TAC; Def. Opp. RFA.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is, however, within the Court's discretion to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Leave to amend may be properly denied for repeated failure to cure deficiencies, *see Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), or if an amendment would be futile, *see Cox v. Blackberry Ltd.*, 660 F. App'x 23, 25 (2d Cir. 2016).

A fact admitted in response to a request for admission served pursuant to Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "The court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* For a withdrawal of an admission to be granted, "it is not required that a withdrawal not prejudice the requesting party, for withdrawal of a deemed admission will almost always be to the requesting party's detriment." *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014). The Second Circuit has held that, because of the permissive language of the rule, a court is not required to permit a party to withdraw or amend an admission, "even if both the merits and prejudice issues cut in favor of the party" seeking to withdraw or amend an admission. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 651–52 (2d Cir. 1983).

II.     **Plaintiffs' Motion for Leave to File a Third Amended Complaint Is Denied**

Plaintiffs seek leave to file a TAC to "assist the Court and the parties to fully and more efficiently litigate the issues presented in this action." Pls. TAC Mem. of Law at 1. Plaintiffs claim that the single breach of contract claim, as pleaded in the SAC, conflates various legal issues and fails to articulate properly the relief sought by Plaintiffs. *Id.* In the currently operative Complaint, the breach of contract claim alleges that Defendant breached the Lease by: (1) failing to pay rent for a period in 2020; (2) failing to undertake repairs to the Premises when it vacated the premises; and (3) vacating the Premises prior to the Lease expiration. SAC ¶¶ 55–56, 82–85. Although Plaintiffs concede that it is "readily evident" that this single claim alleges three distinct ways in which the Lease was allegedly breached, they nonetheless insist that a third amendment is necessary to separate the breach of contract claim into three distinct claims, as

they each deal with independent facts and legal arguments. Pls. TAC Mem. of Law at 2. This amendment, Plaintiffs argue, is not "based on new facts, nor does it alter Plaintiffs' underlying theory . . . rather, it provides complementary support to the facts already alleged in the SAC . . . and merely narrows the issues before the Court." *Id.* at 7.

Defendant argues that the lack of newly discovered facts, along with Plaintiffs' admission that the amendment does not alter Plaintiffs' theory of the case, militates against granting leave to amend because it indicates Plaintiffs engaged in undue delay before seeking leave to amend. Def. Opp. TAC at 6–7. The only explanation offered by Plaintiffs for seeking now to amend the Complaint again is that they changed counsel; Defendant argues that the change of counsel is irrelevant if there is no proposed change to Plaintiffs' theory of the case. *Id.* at 7. Defendant also argues that it will be prejudiced if leave to amend is granted because fact discovery closed on July 8, 2022. *Id.*

Plaintiffs also seek to assert two additional claims regarding the legal effect of the correspondence between the parties that they allege prior counsel overlooked.[2] Pls. TAC Mem. of Law at 2. Count Four of the proposed TAC seeks a declaration that Defendant did not properly terminate the Lease on June 30, 2020, and Count Five of the proposed TAC requests a declaration that Defendant had not properly terminated the Lease as of October 31, 2021.[3] Plaintiffs explain this change to their complaint by suggesting that "prior counsel may have overlooked important legal issues at the heart of [the] matter." Pls. TAC Mem. of Law at 7.

---

[2] Plaintiffs' sixth claim merely pleads relief in the alternative — asserting that, if the Court determines that Defendant exercised its early termination right, and the Lease expired on October 31, 2021, Plaintiffs' measure of damages "should be adjusted accordingly." Pensabene Decl., Dkt. 59, Ex. A (TAC).

[3] These proposed amendments collide head on with Plaintiffs' prior admission that "Capital One timely delivered the Early Termination Notice on or before the Notice Date." Pls. RFA Mem. of Law, Dkt. 63 at 1. Thus, the motion to file an amended complaint and the motion to "correct" Plaintiffs' answers to RFAs are logically linked.

Plaintiffs argue that their change in representation justifies granting leave to amend to ensure that a proper decision is reached on the merits.  *Id.* (citing *Baker v. Bensalz Prods., Inc.*, No. 20-CV-3342, 2021 WL 4267594, at *2 (S.D.N.Y. Sept. 20, 2021) ("the Court agrees with the Plaintiffs that the precise circumstances of this litigation — and in particular, the fact that new counsel entered an appearance and wishes the opportunity to raise all relevant factual and legal claims in the TAC — warrant granting the motion.")).  Further, Plaintiffs argue that this aspect of their proposed amendment would not unduly prejudice Defendant because the posture of the case ensures Defendant will have "ample opportunity" to consider and address issues presented in the TAC; the amendment would not have an impact on or delay deadlines ordered by the Court; and "essentially no discovery has been completed."[4]  *Id.* at 8–10.

Putting aside the parties' dispute over the proper interpretation of the termination provision of the Lease, the basis for Plaintiffs' assertion that Defendant did not properly terminate the Lease early is, to put it charitably, interesting.  Their claim is that, when Plaintiffs bought the building, the prior lessor sent Defendant a "Tenant Notice Letter," which informed Defendant that Notices under the Lease should now be provided to: JTRE 241 Fifth LLC and JTRE Manhattan LLC, c/o JTRE Holdings, LLC, 362 Fifth Avenue, 12th Floor, New York, New York 10001 (the "Notice Address").  *See* Pls. RFA Reply, Dkt. 73, Ex. 1.  Defendant sent its notice to terminate the Lease not to that address but to Plaintiffs' then-counsel, Rivkin Radler LLC.  *See* TAC, Dkt. 59-1 ¶ 117.  That law firm, in its role as attorneys for Plaintiffs, had previously informed Defendant that correspondence related to the Lease should be sent to it.  *See* Letter, Dkt. 64-1 at 2.  Plaintiffs assert that the Notice was not mere correspondence and, therefore, should have been sent to the Notice Address provided in the Tenant Notice Letter.  *See*

---

[4]    This assertion comes as a surprise to the Court as discovery in this case closed on July 8, 2022, just two months after the motion was made and a little over a month after the motion was fully briefed.

6

Pls. RFA Reply at 2. Because that is the premise of Counts 4 and 5 of the proposed TAC, Defendant argues that Counts 4 and 5 are futile because Plaintiffs have no "good faith basis" for alleging that Defendant sent the Early Termination Notice to the wrong address. *See* Def. Opp. TAC at 5. Defendant further argues that the proposed amendment is futile because Plaintiffs admit that their declaratory judgment claims are "subsumed within the existing breach of contract claim in the SAC." *See id.* Where the Court will "inevitably address" a declaratory judgment claim in the context of a separate damages claim, adding the claim is redundant and, therefore, an amendment to the complaint is futile. *See id.* (citing *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, No. 19-CV-3766, 2021 WL 2534000, at *6 (S.D.N.Y. June 21, 2021); *Estevez v. Consolidated Bus Transit, Inc.*, No. 15-CV-7634, 2016 WL 3448627, at *8 (S.D.N.Y. June 20, 2016)). Finally, Defendant argues that Counts 4 and 5 would require the Court to decide whether Defendant complied with the notice provisions of the Lease, *see id.*, but declaratory relief cannot be "aimed at past conduct," *see id.* at 6 (citing *H.B. v. Byram Hills Cent. Sch. District*, 648 F. App'x 122, 125 (2d Cir. 2016); *Pinckney v. Carroll*, No. 18-CV-12198, 2019 WL 6619484, at *2 n.3 (S.D.N.Y. Dec. 4, 2019)). Accordingly, Defendant argues, because Plaintiffs' requests for declaratory judgments cannot withstand a motion to dismiss, adding them to the Complaint would be futile. *Id.*

Plaintiffs' arguments are unavailing, and the request for leave to amend their complaint is denied. First, Plaintiffs' proposed amendment splitting the breach of contract claim into three separate claims is wholly unnecessary.[5] In fact, in arguing that the Court should allow it to amend its complaint to split its breach of contract claim into three distinct causes of action, Plaintiffs argue that "it cannot be reasonably argued that these claims are based on new facts,"

---

[5] Moreover, Plaintiffs have already amended their complaint twice, *see* Dkts. 12, 26, and Plaintiffs have been aware since the start of this action of all of the facts underlying this case.

*see* Pls. TAC Mem. of Law at 2.  Plaintiffs also acknowledge that the two new proposed declaratory judgment claims concern the legal effect of correspondence that preceded the commencement of this action and are "subsumed within the existing breach of contract claim in the SAC," *see id.*  Plaintiffs' admission that all of the claims they want to add are already part and parcel of their existing breach of contract claim makes clear that their proposed amendment is unnecessary.  *See Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963) (finding that multiple alleged breaches of the same contract need not be divided into separate claims when they arise out of "a single transaction composed of a closely related series of occurrences"); *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 143 (2d Cir. 2014) (finding that multiple theories of breach of the same contract were not discrete and segregable as they were part of an "closely interwoven whole").  There is actually nothing new about Plaintiffs' proposed amendments, other than a new litigator's view on how the existing facts should be presented.  *See Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 953 (S.D.N.Y. 1983) (finding that the liberal standard for granting leave to amend "does not impart to litigants the privilege of re-shaping their legal theories endlessly, even where there is no evidence of improper motive or dilatory objectives.").

Indeed, Plaintiffs' only proffered reason for amendment is that "prior counsel may have overlooked important legal issues at the heart of [the] matter."[6]  Pls. TAC Mem. of Law at 7.  But the proposed amendment, which simply breaks one cause of action into three, does not suggest that a legal theory was overlooked.  Under the existing SAC, Plaintiffs will prevail on

---

[6] The failure of an attorney to recognize a cause of action or legal theory is not in and of itself sufficient justification for granting leave to amend a complaint.  *See, e.g.*, *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (denying leave to amend where plaintiff's counsel was unaware of an available cause of action); *Fioranelli v. CBS Broad., Inc.*, No. 15-CV-952, 2019 WL 1059993, at *4 (S.D.N.Y. Mar. 6, 2019) (finding that the "failure of an attorney to recognize a potential cause of action is not a sufficient justification for granting leave to amend a complaint.").

8

Count One if they prove that Defendant either (a) failed to pay rent due in 2020 and early 2021;[7] or (b) failed to undertake repairs required under the Lease when it vacated the premises; or (c) terminated the Lease prior to the Lease expiration.  If the Complaint is amended again as Plaintiffs propose, Plaintiffs will prevail if they prove that Defendant either (a) failed to pay rent due in 2020 and early 2021; or (b) failed to undertake repairs required under the Lease when it vacated the premises; or (c) terminated the Lease prior to the Lease expiration.  In both cases, the amount of damages will vary depend on which breach is proven, but, in either case, Plaintiffs will prevail if they prove any one of the three ways in which they allege Defendant breached the Lease.  Thus, this portion of the proposed amendment is simply unnecessary.

Plaintiffs' proposal to add the fourth and fifth causes of action seeking a declaration as to the legal effect of prior correspondence between the parties and the effectiveness of Defendant's notice is futile.  It is well-established that there is no basis for declaratory relief where only past acts are involved and where a declaratory judgment is unnecessary because the plaintiff has an adequate remedy in a breach of contract claim.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc.*, No. 02-CV-10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003) (citing *Gianni Sport Ltd. v. Metallica,* No. 00-CV-0937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000)).  Here, Plaintiffs seek declaratory relief targeted at Defendant's past conduct — namely, compliance *vel non* with the notice provisions in the Lease — which is not properly the subject of declaratory relief.  *See Pinckney v. Carroll*, No. 18-CV-12198, 2019 WL 6619484, at *2 n.3 (S.D.N.Y. Dec. 4, 2019) (dismissing declaratory judgment claim because it was "based on

---

[7]  The SAC alleges that the term during which Defendant failed to pay rent that was due was July 1, 2020, through December 21, 2020.  The proposed TAC alleges that the term during which Defendant failed to pay rent that was due was July 1, 2020, through January 15, 2021.  This, and other minor differences in the damage allegedly caused to Plaintiffs by Defendant's alleged breach, is irrelevant to the motion to amend as the complaint will be amended at trial to conform to the proof.  *See* Fed. R. Civ. P. 15(b)(2); *see also DiMare Homestead, Inc. v. Alphas Co. of New York*, 547 F. App'x 68, 69 (2d Cir. 2013).

alleged past wrongs" rather than "ongoing or prospective harm"); *Apple Records, Inc. v. Capitol Records, Inc.,* 137 A.D.2d 50, 53 (1st Dep't 1988) ("A cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract."). Accordingly, Defendant is correct that the proposed claims for declaratory relief fail to state a claim. For these reasons, Plaintiffs' proposed declaratory relief claims are futile.

In short, because Plaintiffs proposed amendment accomplishes nothing, leave to file a Third Amended Complaint is DENIED.

### III. Plaintiffs' Changing Their Responses to Defendant's RFA Will Not Promote Presentation of the Merits of the Action and the Existing Admissions Are Not Contrary to Actual Fact[8]

Plaintiffs argue that two of the responses to Defendant's RFA were erroneous. Pls. RFA Mem. of Law at 1. Each Plaintiff seeks to withdraw its responses to two of Defendant's RFA requests: Request Nos. 12 and 32. *Id.* Request No. 12 states: "Admit that Capital One timely delivered the Early Termination Notice on or before the Notice Date", to which each Plaintiff responded, "Admit." *Id.* Request No. 32 states: "Admit that, not less than twelve months prior to the Early Termination Date, Capital One delivered to you written notice of its election to terminate the Lease effective as of the expiration of the sixth lease year or the Lease Term", to which each Plaintiff responded, "Admit." *Id.* In seeking to withdraw these admissions, Plaintiffs assert that withdrawal would promote the presentation of the merits of the action as it would permit them to dispute a central issue in the case — specifically, whether the Early

---

[8] Defendant first argues that Plaintiffs procedural missteps should result in the denial of the motion. Plaintiffs admit that they violated this Court's Case Management Order and Individual Practices and Local Civil Rule 37.2, *see* Def. Opp. RFA, Dkt. 68 at 3–4, but claim that they sought to correct this procedural error after the fact. *See* Pls. RFA Reply, Dkt. 73 at 2. Excusing Plaintiffs' error and permitting their motion to be heard on the merits would be efficient, particularly given this case's looming discovery deadlines, and thus, the Court declines to deny Plaintiffs' motion on procedural grounds.

Termination Notice was "timely delivered" in accordance with the Lease. *See id.* at 6 (citing *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 537 F. Supp. 3d 497, 500 (S.D.N.Y. 2021); *Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996); *Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc.*, No. 88-CV-3865, 1995 WL 766309, at *10 (S.D.N.Y. 1995); *Garden City Boxing Club, Inc. v. Rice*, 2005 WL 613249, at *4 (S.D.N.Y. 2005).

Plaintiffs assert that granting leave to withdraw will not prejudice the Defendant as no additional discovery would be required as a result of the withdrawal, and argue that they should be able to change their answers because their previous admissions were "contrary to actual fact." Pls. RFA Mem. of Law at 7. To support their claim that their responses were counterfactual, Plaintiffs assert that Defendant did not "deliver[] the Early Termination Notice" in a timely manner and that Defendant did not "deliver[] to [Plaintiffs] written notice of its election to terminate the Lease" because the Early Termination Notice was delivered to Plaintiffs' prior counsel, Rivkin Radler LLC, not to the address provided in the Lease for notices or to the address provided in the Tenant Notice Letter. *See* Pls. RFA Reply at 8.

Defendant argues that Plaintiffs fail to show that the admissions Plaintiffs seek to withdraw are counterfactual. *See* Def. Opp. RFA at 4–5 (citing *Beberaggi v. New York City Transit Auth.*, No. 93-CV-1737, 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994); *SEC v. Thrasher*, No. 92-CV-6987, 1996 WL 460148, at *2 (S.D.N.Y. Aug. 13, 1996)). Defendant argues that Plaintiffs not only fail to show that their admissions are counterfactual but concede that there is no dispute between the parties regarding the facts and circumstances surrounding the Early Termination Notice. *See id*. at 5. Because Plaintiffs characterize their argument as a "pure

legal issue," Defendant argues that Plaintiffs cannot meet the burden of showing that their prior admissions are counterfactual. *See id.*

On the merits, Plaintiffs' arguments for withdrawal of their previous admissions are unavailing. The first prong of Fed. R. Civ. P. 36(b) requires the Court to consider whether permitting an admission to be withdrawn would promote the presentation of the merits of the action; Plaintiffs fail to establish that here. At issue in the present case is whether Plaintiffs should recover liquidated damages for the original lease term (20 years) or the shortened lease term (6 years) based on the parties' differing interpretations of the Lease. *See JTRE Manhattan Ave. LLC*, 2022 WL 392914, at *6. The admissions that Plaintiffs seek to withdraw focus on the timeliness of Defendant's Early Termination Notice, not whether the Notice, if timely, was sent to the correct address. Up until this point (and even now), Plaintiffs have not contested that the Notice was timely. Even if notice was *timely* delivered, as Plaintiffs admitted in response to Request Nos. 12 and 32, and Plaintiffs had notice of the Early Termination, because their attorneys received the Notice, Plaintiffs are not precluded from arguing that Defendant's Notice was ineffective because it was sent to the wrong address. Accordingly, it is not apparent how withdrawal of Plaintiffs' admissions would promote the presentation of the merits of the action.

With regard to the second prong, the Court is required to consider whether permitting withdrawal would prejudice the party that propounded the request to admit in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b). Here, allowing Plaintiffs to withdraw admissions would not greatly prejudice Defendant. As Plaintiffs point out, withdrawal likely would not require any additional discovery, *see* Pls. Mem. of Law RFA at 7, as Defendant already served discovery requests relating to the Early Termination Notice when it requested that Plaintiffs produce "all documents and communications relating to Capital One's letters from

James Kellar to Jeremy Honig, dated February 25, 2020, and March 20, 2020," *see* Pls. TAC Supp. Mem. of Law, Dkt. 66 at 4. Moreover, the effectiveness of Defendant's Early Termination Notice, at its core, is a legal issue for the Court that does not require additional discovery.

While the second prong of Rule 36(b) weighs in favor of Plaintiffs, the permissive language of the rule allows the Court to deny a motion to withdraw an admission regardless of whether one or both prongs weigh in the movant's favor. *See Donovan*, 703 F.2d at 651–52. Here, because the presentation on the merits will not be harmed by Plaintiffs' previous admissions and they will still be permitted to argue that Defendant's interpretation of the Lease is incorrect and, even if correct, sent the required Notice to the wrong address, the Court is unwilling to allow Plaintiffs to withdraw their admissions. This conclusion is further supported by a third factor that courts typically consider when deciding whether to grant a request to withdraw an admission — namely, whether the admission at issue is counterfactual. *See Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988) (noting that "[i]n considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case.").

Were the admissions in the present case centered on the effectiveness of Defendant's notice, Plaintiffs would have a better argument that they should be permitted to withdraw them, given their current desire to argue that the Notice was not effective because it was sent to the wrong address.[9] The admissions at issue, however, are focused on the timeliness of Defendant's

---

[9] To this point, Plaintiffs highlight language in the Tenant Notice Letter advising Defendant, *inter alia,* "to address any and all *notices* . . . to the landlord under or in connection with your lease to the Purchaser or Purchaser's property manager," with Purchaser's address listed in the same document as: c/o JTRE Holdings, LLC, 362 Fifth Avenue, 12th Floor, New York, New York 10001. *See* Pls. RFA Reply, Ex. 1 (emphasis added). Further, Section 31.3 of the Lease provides that "a Notice is effective only if (A) the party giving the Notice has complied with Sections 31.1 and 31.2 above", and Section 31.2 provides that "written notices" must be served at "the addresses listed in the Notice Addresses section of the Key Provisions Summary or to another Addressee *or at another address*

13

Notice, not its compliance *vel non* with all pertinent requirements of the Lease.  While Plaintiffs are free to argue that Defendant's notice of its Early Termination was not effective because it was sent to the wrong address, it was timely, and accordingly, Plaintiffs cannot demonstrate that either of the admissions are counterfactual.  *See Thrasher*, WL 460148, at *2 ("The inappropriateness of relieving [defendant] of his deemed admissions on these requests is further underscored by his failure to demonstrate that any of the requests call for admissions that are plainly inconsistent with the facts.").

In short, because withdrawal of Request Nos. 12 and 32 would not promote the presentation of the merits and Plaintiffs cannot demonstrate that their admissions are counterfactual, Plaintiffs' motion to "correct" their responses to Defendant's RFA is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions for leave to file a Third Amended Complaint and to correct their responses to Defendant's RFA are DENIED.  The Clerk of Court is respectfully directed to close the open motions at Dockets 57 and 61.

**SO ORDERED.**

**Date:  July 22, 2022**　　　　　　　　　　　　　　　　　　　　_____
**New York, New York**　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

---

*as designated by a party in a Notice pursuant to this Section 31*." *See id.* at 3 (emphasis in original).  Because the Tenant Notice Letter specifically advised Defendant to send "any and all notices" to the Purchaser, whose address was provided, Plaintiffs would have had a more persuasive argument that their admissions were counterfactual if the RFA had asked for an admission that the Early Termination Notice complied with all relevant provision of the Lease.