# THE LAW FIRM OF
# JEFFREY S. DWECK, P.C.
43 West 33rd Street • Suite 304
New York, New York 10001

**(212) 967-0500**
**Fax: (212) 967-0501**
**Email: Jeffrey@dweckny.com**

**Jeffrey S. Dweck, Esq.***

\* Also admitted in New Jersey.

February 20, 2023

<u>Via ECF</u>
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

  Re: JTRE Manhattan Avenue LLC and JTRE 807 Manhattan Avenue LLC vs. Capital One, N.A.
    Case No. 21-CIV-5714 (JLR)
    <u>Letter in Opposition to Motion to Exclude Testimony and Evidence</u>

Dear Judge Rochon:

  We represent the plaintiffs in this action and are writing with respect to Defendant's recent motion to exclude certain testimony of Plaintiff's Witness, Mr. James Robinson.

  We ask the Court to consider this letter in lieu of a formal opposition provided that we remain ready and willing to supplement this submission should the Court so require.

  We believe the Defendant's motion to be without merit.  In sum (a) Defendant's motion is procedurally premature; (b) while Defendant may question the weight to be afforded Mr. Robinson's conclusions, nothing in Defendant's motion should invalidate his qualification as an expert; (c) Defendant had every opportunity to make a formal objection weeks ago and request a follow-up examination of the subcontractor upon whom Mr. Robinson relied, but instead waited to make the present motion; and (d) it's not even clear that an expert is required for the testimony being sought here.

  First, Defendant acknowledges that they had the opportunity to conduct a full deposition of Mr. Robinson after receiving and reviewing a one-page estimate.  That Mr. Robinson's estimate is based in part on information given to him by Plaintiffs and a subcontractor does not invalidate his experience as a construction manager or the validity of his testimony.  Experts testify as to hypotheticals all the time and if the testimony herein is based on faulty assumptions, Defendant is free to pursue that at trial.

  Counsel argues that "From an evidentiary standpoint, Robinson's opinions are unreliable and inadmissible under FRE 702" but bases that generalization on the fact that "eighty percent of the total estimate is contained within one line item for demolition."  In itself, that is insufficient to invalidate testimony.  That Mr. Robinson relied on a subcontractor should also not invalidate the testimony.  Mr. Robinson is a construction manager.  Construction managers formulate estimates on the basis of bids all

the time.  Robinson testified as to how bids and estimates are produced, generally (Page 19, Line 1 – Page 22, Line 21; Page 24, Line 12 – Page 27, Line 11).  Defendant contents that Robinson did not measure the dimensions shown in Suryavanshi's estimate; but nothing indicated that they were in doubt.  Robinson testified that he was familiar with the site in question (Page 27).  He testified, for example, that the cost of the vault removal would have been greater because of access issues (Page 29, Line 3 – Page 31, Line 9).

Defendant also objects to the admissibility of the estimate.

Rule 703 states:

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Under Rule 703, experts may base their opinions on inadmissible evidence so long as such information is reasonable to rely upon.  Defendant has offered nothing to challenge whether or not reliance on a subcontractor estimate is uncommon in the construction industry.

In addition, Defendant never asked for a follow-up examination of the subcontractor Suryavashi and instead held their contention for the present motion, after the time for exchanging expert information had run.  Thus, they should be precluded from trying to exclude Mr. Robinson's testimony or, in the alternative, were the Court to disqualify Mr. Robinson, the Plaintiffs should be allowed to present the subcontractor as an additional witness.

That said, Mr. Robinson should still be welcome to use business records – an exception to hearsay – to support his conclusions and to render him qualified to testify herein.

Documents may be admitted into evidence as the business records of one of the parties even though they were not prepared by the entity, as long as the entity is able to produce testimony that it was the entity's regular practice to obtain information from such a third party, or that the records were integrated into the office's records and relied upon in its day to day operations.  See *Fed. Rule of Evid. 803(6)*(defining the exception for records of regularly-conducted activity), *United States v. Pfeiffer, 539 F.2d 668, 670-71 (8th Cir. 1976)* (finding that invoices qualified as business records), *Air Land Forwarders, Inc. v. United States,* 172 F.3d 1338, 1341-42 (Fed. Cir. 1999), and *United States v. Mendel, 746 F.2d 155, 166 (2d Cir.1984).*  Defendant has not demonstrated that the business record exception does not exist or should not apply.

We thus ask that this court allow Mr. Robinson's testimony, leaving Defendant's contentions for cross-examination.

In the alternative, while it is true that Mr. Robinson was designated as an expert (both sides designated "experts" for the purposes of evaluating the cost of removing a vault from a site formerly occupied by the Defendant (a bank)), the witnesses on this matter may not be expert witnesses at all, as defined by the Federal Rules of Evidence.  They may well be non-experts testifying as to a construction estimate.

Under the Federal Rule of Evidence, Rule 702, an expert witness is a witness with, e.g., specialized knowledge, qualified to render an <u>opinion</u>.[1]  In the context of construction and demolition, for example, construction experts explain industry standards and other terms to triers of fact; they testify as to construction defects, accidents and injuries; they can inform with respect to unique construction-related issues, like building department delays.  Here, the only issue to be tried is a cost estimate, and not, for example, a formal opinion as to the reasonableness of a repair.  Thus, an "expert" is not really needed.  Mr. Robinson should therefore alternatively be allowed as a lay witness.

We thank the Court for its consideration.

Respectfully submitted,

THE LAW FIRM OF
JEFFREY S. DWECK, P.C.

---

[1] FRE 702 provides:
**Rule 702. Testimony by Expert Witnesses**
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
**(b)** the testimony is based on sufficient facts or data;
**(c)** the testimony is the product of reliable principles and methods; and
**(d)** the expert has reliably applied the principles and methods to the facts of the case.