

424 Madison Avenue
5th Floor
New York, NY 10017
Phone 212.223.2200
Fax 212.223.0004

July 20th, 2021

Mr. Brandon Berger
JTRE Holdings
362 Fifth Avenue, 12th Floor
New York, NY 10001

Re:   **807 Manhattan Avenue, Brooklyn, New York 11222 (the "Premises")**

Dear Brandon:

This Agreement confirms that 1004 Second Avenue Partners, LLC ("Owner") appoints Zelnik & Company LLC ("Broker") as exclusive agent and grants to Broker the exclusive right to lease the above Premises.

Broker represents and warrants to Owner that it is a duly licensed real estate broker in the State of New York. Broker's appointment as sole and exclusive agent shall be upon the following terms and conditions:

1. The initial term of this Agreement shall commence on the date hereof and shall expire on One Hundred Eighty (180) days. Owner and Broker shall have the right, upon fifteen (15) days notice, to Terminate the agreement after one hundred twenty (120) days following commencement.

2. If it is mutually deemed desirable, Broker shall advertise the Premises, prepare and secure special plans, signs, brochures, circulars, or other forms of advertising, subject to Owner's prior written approval of the form thereof. All advertising, whether prepared or issued by Broker or by Owner, shall identify Broker as the exclusive agent.

3. During the term of this Agreement, Owner covenants and agrees to refer to Broker all inquiries and offers received with respect to the Premises regardless of the source of such inquiries or offers.

4. In the event that at any time during the term of this Agreement a lease, upon any terms acceptable to Owner, is consummated with an entity who was procured by Broker, or by Owner, or by any other person, Owner shall pay to Broker one full commission computed and payable in accordance with the provisions of Schedule A annexed hereto. If negotiations proceed with a prospective tenant represented by a real estate broker other than Broker (an "Outside Broker"), Broker shall attempt to procure from such Outside Broker an agreement in form and substance reasonably satisfactory to the Owner which shall provide that commissions shall be due only when, as and if the lease is fully executed and unconditionally delivered by the parties thereto, and that commissions shall be calculated and payable in accordance with this Agreement. If a lease is fully executed and unconditionally delivered for which an Outside Broker is entitled to a commission, then the Owner shall pay Broker a commission equal to a full commission payable under Schedule A and Broker shall pay such outside Broker one-half (½) of the commission.



424 Madison Avenue
5th Floor
New York, NY 10017
Phone 212.223.2200
Fax 212.223.0004

Page two:
July 20th, 2021

The Owner acknowledges that an Outside Broker may require commissions to be calculated and payable in a manner less favorable to the Owner than as set forth in this Agreement. If an Outside Broker makes such a demand, the Broker shall so notify the Owner who shall, in its sole discretion, determine how to deal with the Outside Broker. In the event that the Owner agrees to pay such Outside Broker a commission on terms more favorable than those specified in this Agreement, the Broker's commission shall nonetheless remain the amount that would be determined pursuant to this Agreement.

5. Upon the termination of this Agreement, Broker and the Owner shall be relieved of any further obligation hereunder. Notwithstanding the foregoing, Owner agrees to recognize Broker and to pay the commission(s) as set forth in this Agreement, provided that:

    (a) Broker shall deliver within seven (7) days following such termination a written notice (the "Notice") setting forth the name and address of any prospects with whom active LOI negotiations were pending and being conducted by Broker (or any co-broker) on the date of such termination of this Agreement.

    (b) A lease shall have been fully executed and unconditionally delivered by the Landlord and a prospect set forth in the Notice.

6. Owner represents that it is not currently obligated to pay a commission or fee to any other real estate broker, other than Broker, with respect to any transaction contemplated herein. Owner covenants and agrees that it shall refer all inquiries made by Outside Brokers concerning the Premises to Broker during the term of this Agreement.

7. (a) Broker shall defend, indemnify and hold the Owner harmless against any loss, damage, claim or expense (including, but not limited to, reasonable attorneys' fees) in connection with any claim by any other real estate broker for any compensation with respect to a transaction contemplated by or related to this Agreement arising or accruing during the term of this Agreement when such claim is based upon the acts or negligence of Broker, provided that Broker's maximum liability hereunder shall be limited to the amount of any commission actually paid to Broker in connection with such transaction.

    (b) In the event of a claim or suit to which the foregoing indemnification and hold harmless applies, Owner shall:

    (i) give Broker prompt written notice thereof;

    (ii) permit Broker to defend such claim or suit with counsel of Broker's choice, provided that the Owner shall have the right to approve such choice, which approval shall not be unreasonably withheld or delayed;



424 Madison Avenue
5th Floor
New York, NY 10017
Phone 212.223.2200
Fax 212.223.0004

Page three:
July 20th, 2021

    (iii)    not settle such claim or suit without the Broker's prior written consent, which consent shall not be unreasonably withheld or delayed; and

    (iv)    cooperate with Broker in the defense of such claim or suit.

Broker agrees not to settle any such claim or suit without the Owner's prior written consent, which consent shall not be unreasonably withheld or delayed.

8. This Agreement shall inure to the benefit of and be binding upon the parties, their successors and assigns.

9. In the event that the Owner fails to pay the commission, or otherwise breaches this Agreement, any amount due shall accrue interest at a rate equal to one (1%) percent per month, commencing as of the date such payment was first due, any unpaid commission due hereunder shall be accelerated and become immediately due and payable to Broker, and Owner shall pay the reasonable attorney's fees, costs and expenses of Broker.

10. This Agreement shall be governed by, and shall be construed in accordance with the laws of the State of New York.

Very truly yours,
ZELNIK & COMPANY LLC

By: _____
Cory G. Zelnik, Founder & CEO

The undersigned agrees to the foregoing as of the _27_ day of July 2021:

**JTRE HOLDINGS**

By: _____
~~Jack Terzi~~
~~CEO~~
    Morris Terzi, Authorized Signor



424 Madison Avenue  
5th Floor  
New York, NY 10017  
Phone 212.223.2200  
Fax 212.223.0004

## "SCHEDULE A"
## COMMISSION RATES AND CONDITIONS

**1.      RATE**

The 1st year……………………………………………………………………………………….5.0%  
The 2nd through 3rd year……………………………………………………………………4.0%  
The 4th through 5th year……………………………………………………………………3.5%  
The 6th through 8th year……………………………………………………………………3.0%  
The 9th through 10th year…………………………………………………………………2.5%  
The 11th through 15th year………………………………………………………………2.0%

**2.      COMPUTATION OF COMMISSIONS**

(a)      Lease Transaction – Commissions shall be computed in accordance with the above rate based upon the aggregate base rent set forth in the lease for the entire term and for any fixed renewal term option, lease extension option or premises expansion option which is (i) originally specified in the lease and (ii) actually and irrevocably elected by the tenant.  No commission shall be payable for any additional rent payable by the tenant for any escalation charges by reason of increases in taxes and/or the costs of maintaining or operating the property at which the lease is made or cost of living increases or otherwise or charges for real estate taxes, water and sewer rents, electric service and/or other utilities.

In determining the aggregate base rent, free rent or rent abatement periods shall be amortized over the term of the lease. Any sums due for "work letter" items and charges for extra work, labor, materials or service furnished to tenant under the lease shall not be deducted or excluded.

**3.      TIME OF PAYMENT**

(a)      Lease Transaction – The commission shall be earned upon the execution and unconditional delivery of the lease by both the Owner and tenant.  The commission shall be payable in three (3) equal installments, as follows: (i) one-third (1/3) on the date of execution and delivery of the lease by Owner and tenant (ii) one-third (1/3) three months after the Rent Commencement Date and (iii) one-third (1/3) six months after the Rent Commencement Date.

(b)      Option Transaction – Commission shall be due upon tenant's exercise of the option.