UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JTRE MANHATTAN AVENUE LLC and JTRE 807 MANHATTAN AVENUE LLC,<br><br>                        Plaintiffs,<br><br>-against-<br><br>CAPITAL ONE, N.A.,<br><br>                        Defendant. | Case No. 1:21-cv-05714 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiffs/Counter-Defendants JTRE Manhattan Avenue LLC and JTRE 807 Manhattan Avenue LLC (collectively, "JTRE") brought negligent misrepresentation and breach of contract claims against Defendant/Counter-Claimant Capital One, N.A. ("Capital One") in connection with a high-value commercial lease. Dkt. 26 ("Second Am. Complaint" or "SAC"). As a defense and counterclaim, Capital One asserted that JTRE breached the lease by, among other things, failing to repair roof leaks in the building. Dkt. 52 ("Ans.") at ¶¶ 33, 47, 54, 81, 88, 95, 101, 133-141. The Court ultimately dismissed all of JTRE's claims and entered final judgment in favor of Capital One on its breach of contract counterclaim arising from JTRE's failure to fix the roof. Dkts. 135, 143, 144.

      Capital One now moves for an award of attorneys' fees, costs, and expenses in the amount of $992,248.48. Dkts. 145, 146 ("Mot."). For the reasons set forth below, Capital One's motion is GRANTED.

## BACKGROUND

      The Court assumes the parties' familiarity with the underlying facts. Briefly stated, the underlying action arises out of a commercial lease between Capital One and JTRE. In 2018, JTRE purchased the subject premises at 807 Manhattan Avenue, Brooklyn, New York,

and assumed the role of landlord under an existing lease between JTRE's predecessor-in-interest and Capital One. Dkt. 120 ¶¶ 4, 7, 15, 22; Dkt. 127-3 (the "Lease"). As relevant here, the parties' Lease includes a provision addressing attorneys' fees. The Lease provides that:

> In the event of any litigation related to this Lease, whether to enforce its terms, recover for default, or otherwise, if either party receives a judgment, settlement, or award in its favor (the "Receiving Party") against the other party (the "Paying Party") in such litigation, the Paying Party will pay upon demand all of the Receiving Party's costs, charges, and expenses (including but not limited to reasonable attorneys' fees, court costs, and expert witness fees) arising out of such litigation (including the costs of any appeal related thereto) . . . .

Lease § 33.17 (emphases omitted). The Lease also contains New York choice-of-law and forum-selection clauses. *Id.* § 33.8.

The subject premises subsequently experienced several issues, including leaks in the roof and inadequate heating. On June 3, 2021, JTRE brought claims for negligent misrepresentation and breach of the commercial lease against Capital One in state court, and Capital One removed the case to this district on July 1, 2021. Dkt. 1; *see generally* SAC. On February 9, 2022, the Court dismissed JTRE's negligent misrepresentation claim with prejudice. *See JTRE Manhattan Ave. LLC v. Cap. One, N.A.*, 585 F. Supp. 3d 474, 481 (S.D.N.Y. 2022). Capital One thereafter answered JTRE's complaint, asserting a breach of contract counterclaim for, among other things, JTRE's failure to repair the roof leaks in the building. Ans. ¶¶ 133-41.

On June 27, 2024, the Court granted summary judgment in favor of Capital One as to JTRE's claims against Capital One and awarded Capital One partial summary judgment on liability as to its breach of contract counterclaim against JTRE for failure to fix the roof. Dkt. 135 at 32-34. The Court ordered the case to proceed to bench trial on the remaining portions of Capital One's breach of contract counterclaim, including whether JTRE was liable for

allowing disruptive construction and the amount of compensatory damages owed to Capital One. *Id*. at 34-35.

On August 21, 2024, Capital One withdrew its theory of liability relating to disruptive construction and its claim for compensatory damages, citing the cost, time and effort of proceeding to trial on those issues. Dkt. 138 at 2. Instead of proceeding to trial, Capital One requested that the Court enter final judgment in favor of Capital One and against JTRE as to JTRE's liability for the roof leaks and approve nominal damages for that claim. *Id*. On September 25, 2024, the Court entered final judgment in the case, thereby dismissing JTRE's claims against Capital One for the reasons set forth in Dkt. 135, and granted judgment in favor of Capital One and against JTRE in the amount of one dollar as to JTRE's breach of contract counterclaim for JTRE's failure to fix the roof of the property at issue. Dkt. 143.

On October 9, 2024, Capital One moved for attorneys' fees, costs, and expenses in the amount of $992,248.48 from JTRE. *See generally* Mot. On October 24, 2024, the Court provided JTRE an extension until October 31, 2024, to file a response to Capital One's motion, and advised that failure to do so would result in the Court considering the motion unopposed. Dkt. 148. JTRE has not filed any response to date. The Court therefore treats Capital One's motion for attorneys' fees, costs, and expenses as unopposed and, for the reasons set forth below, GRANTS the motion.

### LEGAL STANDARD

Under the "bedrock principle known as the American Rule," "[e]ach litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 370 (2019) (quotation marks and citation omitted). Thus, "parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law."

*McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993).  By virtue of the Lease's choice-of-law clause, New York law applies.  "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetsJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F. 3d 168, 175 (2d Cir. 2008).  When a prevailing party seeks fee-shifting pursuant to a contract, the award of attorneys' fees "must be reasonably related to the fee arrangement that the prevailing party would have made with counsel absent a fee-shifting agreement."  *In Time Prods., Ltd. v. Toy Biz, Inc.*, 38 F.3d 660, 667 (2d Cir. 1994); *see also H.W. v. N.Y.C. Dep't of Educ.*, No. 21-cv-08604 (JLR), 2023 WL 5529932, at *5 (S.D.N.Y. Aug. 28, 2023) ("Because a reasonable hourly rate is a rate a client would be willing to pay, courts also should bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." (quotation marks omitted) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008))).

  A fee applicant "must . . . submit appropriate documentation to meet the burden of establishing entitlement to an award."  *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks and citation omitted).  "But trial courts need not, and indeed should not, become green-eyeshade accountants."  *Id*.  "The essential goal" in calculating fee awards is "to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Id*.; *see U.S. Fid. & Guar. Co. v. Barspetro Oil Servs. Co.*, 369 F. 3d 34, 74 (2d Cir. 2004) (district courts have "broad discretion" in "award[ing] attorneys' fees under a valid contractual authorization").

## DISCUSSION

Capital One prevailed on all claims against it and obtained a partial judgment on liability on its breach of contract counterclaim for JTRE's failure to fix the roof. Dkt. 43 at 13; Dkt. 135 at 34-35; Dkt 143. Capital One is therefore entitled to recover reasonable attorneys' fees, court costs, and expert witness fees under the Lease. Lease § 33.17. Capital One seeks $992,248.48 in attorneys' fees, costs, and expenses. For the reasons set forth below, the Court deems this unopposed request reasonable.

### I. Attorneys' Fees

The Second Circuit applies the lodestar analysis to determine whether attorneys' fees sought are reasonable. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar method determines a "presumptively reasonable fee" that is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id*. (citation omitted).

#### A. Reasonable Hourly Rate

The Court first evaluates the hourly rates charged by Capital One's counsel. The Second Circuit's "forum rule" generally requires use of the "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Cent.*, 652 F.3d 277, 290 (2d Cir. 2011) (citation and quotation marks omitted). "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" *Adorno v. Port. Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010) (first quoting *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2005), and then quoting *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)). However, this analysis is ultimately "case-specific," and courts

"consider a variety of factors in assessing the reasonableness of a rate, including what are known as the *Johnson* factors." *H.W.*, 2023 WL 5529932, at *4. The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (quoting *Lilly v. City of New York*, 934 F. 3d 222, 228 (2d. Cir. 2019)). A Court "need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *Id.* at *5 (citation omitted). The Court has considered all the *Johnson* factors here.

Capital One initially retained the law firm of McCarter & English, LLP ("McCarter & English") to represent it in this matter, and subsequently retained McGuireWoods LLP ("McGuireWoods") as lead counsel, with McCarter & English staying on the matter as local counsel. Mot. at 3. Proceedings in this matter lasted over three years, and Capital One faced potential liability of more than $18 million. *Id*. The parties engaged in substantial discovery practice and litigated the case through a motion to dismiss and summary judgment. *See, e.g.*, Dkts. 23, 29, 42, 122, 134. Capital One therefore necessarily exerted substantial time and effort toward defending against this action, a factor that weighs in favor of its requested fees. Relatedly, because this was a multimillion-dollar dispute involving claims and counterclaims, Capital One appropriately retained skilled and experienced commercial litigators to defend its interests. This included John Wilburn, a McGuireWoods partner with more than twenty-eight years of experience in commercial litigation, and Bryan Fratkin, a McGuireWoods partner

with a long-standing relationship with Capital One and familiarity with its business operations. Mot. at 4; Dkts. 147-11, 147-12.

Capital One asserts that its success in this litigation is a "strong indication of the reasonableness of the attorneys' fees sought." Mot. at 3. The Court agrees. The "degree of success," while not by itself dispositive, is generally the "most critical factor in determining the reasonableness of a fee award." *H.W.*, 2023 WL 5529932, at *6 (citation omitted). Capital One successfully prevailed on all claims against it and obtained a partial judgment on liability on its breach of contract counterclaim for JTRE's failure to fix the roof. Dkt. 43 at 13; Dkt. 135 at 34-35; Dkt 143.

Moreover, Capital One's legal counsel offers heavily discounted rates that fall well within the range of hourly rates ordinarily approved for attorneys in the Southern District of New York. For commercial partners, the "rate for partners is often between $500 and $850 per hour, and the rate for associates between $300 and $500 per hour." *PNC Bank, N.A. v. Dana Transport, Inc.*, No. 16-cv-07797 (JLR), 2023 WL 5702165, at *6 (S.D.N.Y. Sept. 5, 2023), *reversed and remanded on other grounds*, No. 23-7272, 2024 WL 4662987 (2d Cir. Nov. 4, 2024) (summary order); *Fleisig v. ED&F Man Cap. Mkts., Inc.*, No. 19-cv-08217 (DLC), 2021 WL 4459120, at *3 (S.D.N.Y. Sept. 29, 2021) (rates ranging from $1000 per hour for senior partners to $400 per hour for junior associates are "in line with the prevailing rates" in this district). In fact, courts award upward of $1000 per hour in contracts disputes for partners associated with large law firms. *See, e.g., Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16-cv-05766 (JSR), 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (awarding hourly rates of up to $1,260 for Gibson Dunn & Crutcher LLP partners for breach of contract and tortious interference with contract claims); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16-cv-08103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar.

7

30, 2017) (finding reasonable the rate of $1,048.47 charged by partners at large firm and associate rates of $569.02 to $753.42); *U.S. Bank Nat'l Assoc. v. Dexia Real Est. Cap. Mkts.*, 12-cv-09412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) ("[P]artner billing rates in excess of $1,000 an hour are by now not uncommon in the context of complex commercial litigation." (citation and brackets omitted)).  As for paralegals and other litigation support personnel, courts in this district typically approve paralegal rates between $150 and $200.  *See, e.g.*, *1979 Fam. Tr. Licensor, LLC v. Darji*, No. 19-cv-04389 (VEC), 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020).

Capital One's lead counsel at McGuireWoods seeks fees based on the following rates: from $610 per hour to $780 per hour for partners; approximately $625 per hour for counsel; from $325 per hour to $565 per hour for associates; approximately $195 per hour for paralegals; and $75 per hour for a research librarian.  Mot. at 5-6, 6 n.3; *see generally* Dkt. 147-2.  All these rates are fair, reasonable, and consistent with rates awarded in this District for attorneys with comparable skills and experience.  The rates for local counsel's partners, which range from $332 per hour to $580 per hour, are likewise well within reason, as are the rates offered for McCarter & English's associates (ranging from $325 per hour to $370 per hour) and paralegals and research analysts (from $155 per hour to $179 per hour).  Mot. at 5, 7 & n.5.

Notably, these rates reflect significant discounts from the attorneys' and support staff's customary billing rates.  As just one example, the lead attorneys on this case, McGuireWoods's John Wilburn and Bryan Fratkin ordinarily charge up to $1300 per hour. Mot. at 5 n.1.  Their billed rate of $780 in 2024 therefore constitutes a 40 percent discount from their typical rates.  *See Angelo, Gordon & Co. v. MTE Holdings, LLC*, No. 20-mc-00023 (AT), 2021WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021) ("[T]he best evidence of the

reasonableness of the 'market' value of a particular law firm's services (and therefore the reasonableness of its fees) are the fees that the law firm normally charges its clients in other matters." (citation omitted)).

### B. Reasonably Expended Hours

Having determined the reasonable rates for each timekeeper, the Court next considers whether the hours expended were reasonable. When evaluating the reasonableness of hours billed, courts must make a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). "[T]he critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded," and "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks and citation omitted). To make this determination, a court reviews "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* at 173.

The Court has reviewed the time entries submitted by Capital One and deems them nonduplicative and reasonable. Capital One has properly itemized the tasks undertaken by its counsel and provided sufficient detail and clarity to confirm the "reasonableness of the work performed." *Barclays Cap. Inc. v. Theflyonthewall.com*, No. 06-cv-04908 (DLC), 2010 WL 2640095, at *5 (S.D.N.Y. June 30, 2010). The present case involved mediation and

settlement discussions, significant discovery involving thousands of documents and numerous nonparty and party depositions, and substantial motion practice over a three-year period. Discovery in the matter was extensive and involved documents dating back to the execution of the underlying Lease in October 2015. Mot at 9. The case implicated complex engineering and architectural issues related to the subject premises, requiring Capital One to retain qualified experts to opine on the root causes of those issues. *Id.*; Dkts. 125-20, 125-21. Moreover, Capital One filed two motions to dismiss (the second refiled after JTRE's amendment of its complaint), Dkts. 23, 29; a counterclaim for breach of contract related to JTRE's failure to maintain the premises, Dkt. 52; and a cross-motion for summary judgment, Dkts. 122, 134. Considering the complex legal and technical issues involved, the number of motions, and the duration of this litigation, the Court finds the hours expended by Capital One's attorneys reasonable.

It bears noting that Capital One's expenditure of time, expenses, and efforts is at least in part attributable to JTRE's conduct in this litigation. Capital One was required, for instance, to respond to JTRE's motion practice during discovery, Dkts. 61-63 (JTRE's motion for leave to file requests for admission and supporting documents); Dkt. 84 (JTRE's motion to quash); JTRE's multiple attempts to amend its complaint, Dkts. 26, 64; and JTRE's vigorous litigation of a fraud claim that was dismissed, Dkt. 43 at 13 (dismissing negligent misrepresentation claim). As was its right, JTRE filed this lawsuit and aggressively litigated it through trial. However, having "litigate[d] tenaciously," JTRE cannot now "be heard to complain about the time necessarily spent by [its adversary] in response." *Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*, 212 F. Supp. 2d 226, 229 (S.D.N.Y. 2002) (second alteration in original) (citation and quotation marks omitted).

## II.    Expert Fees

The Courts likewise deems the $139,703.16 Capital One incurred in expert fees reasonable. Mot. at 10. "Courts in this district assess the reasonableness of expert fees using the same method they do for attorneys' fees — by first multiplying the reasonable hourly rate by the reasonable number of hours expended." *Themis Cap. v. Dem. Rep. of Congo*, No. 09-cv-01652 (PAE), 2014 WL 4379100, at *9 (S.D.N.Y. Sept. 4, 2014) (quoting *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09-cv-07830 (RJS), 2012 WL 5177491, at *5 (S.D.N.Y. Oct. 19, 2012)). In evaluating the reasonableness of an expert's rate, courts consider:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Bak v. Metro-N. R.R. Co.*, No. 12-cv-03220 (TPG), 2017 WL 496084, at *2 (S.D.N.Y. Feb. 7, 2017).

The rates requested by Capital One's experts are reasonable when examined under the relevant factors. To respond to JTRE's claims, Capital One retained two expert firms that reviewed thousands of documents, conducted site visits, and issued reports. Mot. at 10, 12. Christopher J. Sheridan, P.E., LEED AP, of Thornton Thomasetti, is an experienced forensic mechanical engineer who was retained to opine on the mechanical issues on the property. *Id*. at 11; Dkt. 125-20 at 4-5. Richard J. Vivenzio, AIA, LEED AP, of Thornton Thomasetti, is a forensic architect with over three decades of experience who Capital One retained to opine on the architectural issues on the property, including with respect to the roof leaks. Mot. at 11; Dkt. 125-21 app. A. DBI Construction Consultants LLC ("DBI") was retained as a consulting

11

expert to inspect and estimate the cost to remove two vaults at the property that JTRE contended Capital One was responsible for removing under the Lease.  Mot. at 11; Dkt. 1-1 ¶ 95.  Mr. Sheridan's rates range from $375 to $400 per hour, and Mr. Vivenzio's rate is $500 per hour.  Mot. at 12.  Alexander McDonald, a Director at DBI, and Emma Withers, a Litigation and Appraisal Manager at DBI, charge $240 per hour and $215 per hour, respectively.  *Id*.  These rates are comparable to those customarily charged in the field.  *See Bak,* 2017 WL 496084, at *2 (approving rates of $360 to $375 for engineers seven years ago).  The Court likewise deems the rates charged by Thornton Thomasetti and DBI employees assisting with the preparation of expert reports in this matter reasonable.  Mot. at 12.  As for the hours expended, the Court finds Thornton Thomasetti's completion of 398 hours and DBI's completion of 89.8 hours reasonable given the voluminous documentary record in this matter — including technical documents pertaining to the subject premises' architecture — the necessity of on-site visits, and the preparation of the expert reports themselves.  *See* Mot. at 12; *see generally* Dkts. 147-8, 147-9, 147-10.

### III.    Costs and Expenses

Finally, Capital One seeks to recover costs and expenses for, among other things, travel fees, court filing fees, and transcript fees.  *See generally* Dkts. 147-6, 147-7.  "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir. 1998) (alteration adopted) (citation omitted).  These include, for instance, charges for "photocopying, binding, shipping, travel, and filing fees."  *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 37-38 (N.D.N.Y. 2015).  The Court has reviewed the disbursement records and receipts submitted by Capital One's counsel and has determined that the costs and expenses charged are reasonable and compensable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Capital One's unopposed motion for attorneys' fees, costs, and expenses. Capital One is hereby awarded $992,248.48 in fees, costs, and expenses.

The Clerk of Court is respectfully directed to close the motion at Dkt. 145.

Dated: November 25, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge